IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS A. ORMAN, ET AL., | : |
| Plaintiffs, | : |
| | : |
| v. | : CIVIL ACTION NO. 2:15-CV-03432-JHS |
| CITIMORTGAGE, ET AL., | : |
| | : |
| Defendants. | : |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO WITHDRAW COMPLAINT WITHOUT PREJUDICE

Defendants, CitiMortgage, Inc., Cory O'Bryant, LaTanya M. Brigham, Sybil Short, Helene E. Robinson, Gillian Howard, Mortgage Electronic Registration Systems, Inc., Sandra A. West, Ballard Spahr LLP, Nathan Catchpole, Esq., Martin C. Bryce, Esq., and Daniel JT McKenna, Esq. ("Defendants"), by and through their undersigned Counsel, hereby submit their Response in Opposition to Plaintiffs' Motion to Withdraw Complaint Without Prejudice ("Motion to Withdraw") filed by Plaintiffs Thomas A. Orman and Leslie E. Orman (the "Ormans"), and ask the Court to enter an Order dismissing Plaintiffs' claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(B).

## I.    INTRODUCTION

The Orman's Motion to Withdraw is the latest in a long line of dilatory litigation tactics utilized by the Ormans against Defendants over the past several years. This is the third federal action brought by the Ormans against defendant CitiMortgage, Inc. ("CitiMortgage"), all of which were based on the same set of allegations. The first action was brought by the Ormans in 2011 following their default on a loan held by CitiMortgage. CitiMortgage moved to dismiss that action pursuant to Fed. R. Civ. P. 12(b)(6), and in response, the Ormans dismissed the action pursuant to Fed. R. Civ. P.

41(a)(1), and immediately re-filed a second action, which was ultimately dismissed with prejudice by this Court.

This action was commenced by the Ormans on June 18, 2015 in an attempt to delay a foreclosure action brought against them by CitiMortgage, which is currently pending in the Court of Common Pleas for Chester County. On August 24, 2015, the Ormans filed an improper amended Complaint without leave of Court, in an attempt to thwart Defendants' attempt to dismiss the action. On September 10, 2015, Defendants filed motions to dismiss the Amended Complaint, and on September 18, 2015, the Court entered an Order scheduling a hearing on the motions to dismiss for October 7, 2015. In response, the Ormans filed the instant Motion to Withdraw on September 29, 2015, requesting leave to dismiss their claims without prejudice, and representing that they "intend to proceed at a later date" after their "causes of action are ripe for adjudication." *See* Motion to Withdraw at p. 2.

While Defendants do not oppose the dismissal of the Ormans' baseless claims, the Ormans' request that the claims be dismissed without prejudice is improper, as any such dismissal must be with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(B). The claims raised by the Ormans in the Amended Complaint are premised upon the very same allegations underlying their first federal action. Moreover, while CitiMortgage is the only defendant that was a party to the previous federal action the Ormans voluntarily dismissed, all additional defendants named in this action are in privity with CitiMortgage. Therefore, because the Ormans' dismissed their claims against CitiMortgage without prejudice in 2011, their dismissal of this action should operate as an adjudication on the merits as to all Defendants.

## II.    STATEMENT OF FACTS

Defendants hereby incorporate the Statement of Facts contained within CitiMortgage's Motion to Dismiss filed on September 10, 2015 (the "Motion to Dismiss").

### A.    *The Ormans' Previous Litigation*

As noted in the Motion to Dismiss, the Ormans commenced *Orman I*[1] on January 7, 2011, shortly after their default on the Loan.[2]  On March 8, 2011, CitiMortgage filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), and on March 14, 2011, the Ormans filed an amended complaint.  *See* Exhibit 'A'.  The amended Complaint purported to raise claims for: (1) violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), *see* Exhibit 'A' at ¶¶ 10-23; and (2) rescission under TILA.  *See* Exhibit 'A' at ¶¶ 24-26.  These claims were based on the allegations that "[t]here is a question in this mortgage as to WHO EXACTLY IS THE OWNER OF THE NOTE AND MORTGAGE . . . Fannie Mae is registered with MERS as the "investor" of the note […] [t]he use of MERS in this mortgage forever clouds the title of the property, as there will be continual questions to who has any beneficial interest in the property . . . ."  *See id.* at ¶ 26.  The amended complaint requested the following relief:

---

[1]     As set forth in CitiMortgage's Motion to Dismiss, the term *Orman I* refers to the action filed by the Ormans in this Court on January 7, 2011, which was docketed as *Orman v. MortgageIt, et al.*, No. 2:11-cv-00139-JHS (E.D. Pa., filed Jan. 7, 2011).  True and correct copies of the docket report for *Orman I* and the amended complaint filed therein are collectively attached hereto as Exhibit 'A'.

[2]     Unless otherwise specified capitalized terms shall have the same meaning as set forth in CitiMortgage's Motion to Dismiss.

1. Defendant(s) each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiff herein;

2. An order compelling said Defendant(s) to transfer legal title of the subject property to Plaintiff herein;

3. Quieted title to the property 888 Woodlawn Ave, Phoenixville, PA 19460.

*See id.* CitiMortgage filed a motion to dismiss the amended complaint on March 31, 2011, and on May 16, 2011 the Court entered an order scheduling oral argument on the motion to dismiss for June 16, 2011. *See Orman I* docket report, Exhibit 'A'. In response, the Ormans filed a notice of voluntary dismissal, and on May 17, 2011 an Order was entered dismissing *Orman I* without prejudice. *See id.*

As discussed in Defendants' Motion to Dismiss, the Ormans filed *Orman II*[3] immediately after dismissal of *Orman I*. In response, CitiMortgage filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and *Orman II* was ultimately dismissed with prejudice by this Court.[4]

**B.     The Present Action**

On January 26, 2015, CitiMortgage commenced a foreclosure action against the Ormans, and in response, the Ormans commenced this action on June 16, 2015, in an attempt to delay the foreclosure proceedings. The present action is based on the same set of allegations raised in *Orman I*, related to CitiMortgage's right to enforce the Mortgage,

---

[3]     As set forth in CitiMortgage's Motion to Dismiss, the term "*Orman II*" refers to the action filed by the Ormans in this Court on May 16, 2011, which was docketed as *Orman v. CitiMortgage, et al.*, No. 2:11-cv-03196-JHS (E.D. Pa., filed May 16, 2011).

[4]     As discussed at length in Defendants' respective Motions to Dismiss, *Orman II* raised the same claims as *Orman I* and the present action, and as such the Ormans' claims are already barred by *res judicata*.

and it requests the same relief.  *See* Complaint at pp. 45-46.  The Ormans have displayed the same dilatory tactics throughout this action, and now, when faced with imminent dismissal of their claims, they again attempt to dismiss their claims without prejudice pursuant to Rule 41(a)(1).

### III.   ARGUMENT

#### A.    The Two Dismissal Rule

Fed. R. Civ. P. 41(a)(1) provides that "if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."   The so called "two dismissal rule" is "designed to prevent abuse of the privilege of notice dismissal granted in Rule 41(a)(1)", and is an acknowledgment that "[m]ultiple suits against the same defendant, withdrawn by the unilateral act of the plaintiff, without court intervention, could . . . provide an opportunity for harassment."   *Schapiro, on Behalf of Schapiro v. Schapiro*, No. CIV.A.95-CV-2408, 1995 WL 550636, at *1 (E.D. Pa. Sept. 13, 1995) (citing *Smith, Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24, 30 (E.D. Pa. 1973)). Application of the two dismissal rule is not discretionary, and "[i]f the plaintiff invokes Rule 41(a)(1) a second time for an action based on or including the same claim, the action must be dismissed with prejudice."   *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990); *see also Hammond v. J.C. Penney Co.*, No. CIV. A. 97-1240, 1998 WL 42285, at *1 (E.D. Pa. Jan. 9, 1998) (noting that the two dismissal rule applies if a plaintiff previously dismissed an action in any state or federal court, and then does so an additional time in federal court, and stating that "[o]nce the Rule is triggered, the claims asserted in the complaint at issue are *res judicata*.") (citations omitted).

#### B.    The Ormans' Claims Should be Dismissed With Prejudice

As noted above, the Ormans previously dismissed *Orman I* pursuant to Rule 41(a)(1), and as such, their dismissal of this action under Rule 41(a)(1) invokes the two dismissal rule, which mandates that their claims be dismissed with prejudice. Moreover, the claims must be dismissed with prejudice as to <u>all</u> Defendants, even those that were not a party to *Orman I*, as the additional defendants in this action are clearly in privity with CitiMortgage. *See St. Clair Intellectual Prop. Consultants v. Samsung Elecs. Co.*, 291 F.R.D. 75, 78 (D. Del. 2013) ("Several courts have held that the two dismissal rule applies if the defendants are the same, substantially the same, or in privity with each other.") (citing *Catbridge Machinery, LLC v. Cytec Engineered Materials*, No. CIV.A. 12-137 SDW, 2012 U.S. Dist. LEXIS 100271, at *3 (D.N.J. July 18, 2012) (stating that two dismissal rule applies when defendants are the same, substantially the same, or in privity). As noted in the Motions to Dismiss, the additional defendants were named in this action as a result of their relationship with CitiMortgage, as its employees, assignor, and attorneys. Therefore, the additional defendants are clearly in privity with CitiMortgage for purposes of the two dismissal rule. *See Hussein v. Reality*, 2013 U.S. Dist. LEXIS 143925, *10 (D.N.J. Oct. 3, 2013) (finding privity where newly named defendants were sued in their capacity as employee and agent of a company.). Thus, the Ormans' dismissal of this action under Rule 41(a)(1) acts as an adjudication on the merits as to all Defendants.

Finally, any argument that the Ormans' claims are not "based on or including the same claim" should be rejected. While the Amended Complaint may advance a different legal theory and set forth different causes of action, the claims are clearly based on the same allegations raised in *Orman I*, as all claims relate to CitiMortgage's standing to

enforce the Mortgage and the facts surrounding the same. *See Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC*, No. 5:12CV39, 2013 WL 3927861, at *8 (E.D. Tex. July 25, 2013) (rejecting plaintiff's contention that the two dismissal rule did not apply where the claims differed as "[t]he express language of Rule 41(a)(1)(B) requires only that the previously dismissed action be based on or including the same claim ."); *see also Bala v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 107434, *13-14 (C.D. Cal. Aug. 14, 2015) (applying *res judicata* analysis to determine whether claims are the same for the purpose of Rule 41). As discussed at length in the respective Motions to Dismiss, the Ormans' claims in this action are based on the same set of facts as those raised in *Orman I* and *Orman II*, namely CitiMortgage's alleged lack of standing to enforce the Mortgage resulting from the fact that this was a MERS loan. Therefore, the Ormans' dismissal of this action clearly invokes the two dismissal rule of Rule 41(a)(1)(B), and as such, the Complaint must be dismissed with prejudice.

IV.   **CONCLUSION**

The Ormans' attempt to withdraw the Amended Complaint without prejudice is without effect, as they have previously dismissed an action based on or including the same claim. Therefore, pursuant to Rule 41(a)(1)(B), the Court should enter an Order dismissing the Amended Complaint with prejudice.

Respectfully submitted,


Dated: October 5, 2015

/s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 665-8500
Fax: (215) 864-8999
bryce@ballardspahr.com


*Attorneys for Defendants CitiMortgage, Inc., Cory O'Bryant, LaTanya M. Brigham, Sybil Short, Helene E. Robinson, Gillian Howard, Mortgage Electronic Registration Systems, Inc., Sandra A. West, Ballard Spahr LLP, Nathan Catchpole, Esq., Martin C. Bryce, Esq., and Daniel JT McKenna, Esq.*